UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

Aaron Perez Kinloch,     ) C/A: 4:12-361-DCN-BM
                         )
              Plaintiff, )
                         )
vs.                      ) **REPORT AND RECOMMENDATION**
                         )
Candy DeBusk,            )
Director of 15th Curcuit Drug Court, )
                         )
              Defendant. )
                         )
_____  )

Plaintiff, Aaron Perez Kinloch ("Plaintiff"), is a state prisoner in the Broad River Correctional Institution of the South Carolina Department of Corrections ("SCDC") in Columbia, South Carolina. Plaintiff, who is proceeding *pro se* and *in forma pauperis* pursuant to 28 U.S.C. §§ 1915 and 1915A, brings this action under 42 U.S.C. § 1983, seeking compensatory damages and injunctive relief.

### *PRO SE* AND *IN FORMA PAUPERIS* REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996); and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).



1

Although this complaint has been filed pursuant to § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit, to protect against possible abuses of this privilege the statute allows a district court to dismiss a case upon a finding that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i), (ii), (iii). Further, a claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

This court is also required to liberally construe *pro se* documents, *Erickson v. Pardus*, 551 U.S. 89 (2007); *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990). Such is the case here.

### BACKGROUND

Plaintiff alleges that the Defendant and her staff recommended that he be terminated from participation in drug court on August 16, 2011, based on a positive alcohol test result, the accuracy of which Plaintiff contested. As a result, Plaintiff alleges that he was terminated from the program on August 30, 2011, by Judge Waldo Maring, and sentenced to ten (10) years in prison.[1]

---

[1] SCDC's Incarcerated Inmate Search Web site indicates that Plaintiff is serving a ten-year sentence for burglary 2nd degree/non-violent, having been committed to SCDC from Georgetown County, with an admission date of 09/01/2011, and a sentence start date of 06/22/2011. *See* https://sword.doc.state.sc.us/scdc-public/ (last visited Mar. 9, 2012). The Georgetown County Fifteenth Judicial Circuit Public Index indicates that Plaintiff was arrested,



Plaintiff's allegations are somewhat confusing, but he appears to allege that, after he was released from the Palmetto Center on July 29, 2011, he was tested for alcohol and drugs in the drug court office on August 2, 2011. A drug court group counselor told Plaintiff that he had passed the test, but they wanted to send it to the lab, so Plaintiff "signed for it to be sent to the lab" and "after 2 wks, the test came back positive [and Plaintiff] knew it was a lie because [Plaintiff] was clean." ECF No. 1, p. 3. Plaintiff alleges that his friend tried to explain to Judge Maring that the test was positive for alcohol because she had cooked some bourbon-flavored barbeque chicken for Plaintiff, and that he also asked the Defendant numerous times to show him the test results on all of his tests and to "explain . . . how one test says [Plaintiff is] positive but the other says negative." *Id.* Plaintiff alleges the Defendant told him that, right or wrong, the test result was what the judge would go by, "so just accept the punishment." ECF No. 1, p. 4. Plaintiff alleges that his request for a second lab test was denied, and he is "quite sure that [his] rights w[ere] violated in some form or fashion and that's why [he is] filing this lawsuit." *Id.*

Plaintiff alleges that the Drug Court treatment team "never liked [him] from the start" so they "fix[ed] it to make it look like [he] failed out." *Id.* Plaintiff alleges that an earlier drug test administered to another participant in the program, Eric, was positive, but Eric was "tested again

---

on April 22, 2010, and charged with burglary first degree (case no. J537870, file date: 05/07/2010), and pled guilty, on March 3, 2011, to burglary 2nd degree (indictment no. 2010-GS-22-00938), and was sentenced to "10 yrs susp on successful completion of drug court." *See* http://publicindex.sccourts.org/georgetown/publicindex/PISearch.aspx (last visited Mar. 9, 2012). This court takes judicial notice of the online records of Plaintiff's state court proceedings and SCDC's factual information concerning Plaintiff's sentence and custody status. *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'"); *Williams v. Long*, 585 F. Supp. 2d 679, 685-89 (D. Md. 2008) (noting that some courts have found postings on government Web sites as inherently authentic or self-authenticating).

3



with a more advance[d] drug test and that came up positive, so they sent it to the lab, and 2 wks later it came back negative." ECF No. 1, p. 5. Plaintiff alleges that he knew the drug court treatment team was showing favoritism to the other participant, and that the Defendant and her staff "w[ere] out to make sure [Plaintiff] got kicked out, and altering [Plaintiff's] urine sample was the only way, just like they altered Eric's urine to keep him in the program and that's not right." *Id*. Plaintiff alleges that he "was wrongfully accused of something [he] never did, and they know that[;] that's why they wouldn't show [Plaintiff his] so-called lab results." *Id*.

Plaintiff seeks monetary damages of $15.6 million, and "also that [Plaintiff's] sentence be lifted because of their lack of presenting evidence, when asked, by the [P]laintiff." ECF No. 1, p. 6.

## DISCUSSION

The United States Supreme Court has held that in order to recover damages for imprisonment in violation of the United States Constitution, the imprisonment must first be successfully challenged.

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm whose unlawfulness would render a conviction or sentence invalid, . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *see Edwards v. Balisock*, 520 U.S. 641, 648 (1997) (the preclusive rule of *Heck* extended to § 1983 claims challenging procedural deficiencies which necessarily imply the invalidity of the judgment.). Plaintiff has not successfully challenged his state

4



court conviction,[2] therefore, because he cannot allege the necessary element of the illegality of his state court conviction, he cannot show a constitutional injury and cannot state a cognizable § 1983 claim.

In addition, Plaintiff's claim against the Defendant for monetary damages is subject to summary dismissal because it is barred by the Defendant's absolute prosecutorial immunity[3] under *Van de Kamp v. Goldstein*, 555 U.S. 335 (2009); *Kalina v. Fletcher,* 522 U.S. 118 (1997); *Buckley v. Fitzsimmons*, 509 U.S. 259 (1993); *Burns v. Reed*, 500 U.S. 478 (1991); *Imbler v. Pachtman*, 424 U.S. 416 (1976); *Dababnah v. Keller-Burnside,* 208 F.3d 467 (4th Cir. 2000); and *Carter v. Burch,* 34 F.3d 257 (4th Cir. 1994). The Defendant is immune from any suit seeking monetary damages under § 1983 because she was engaged in prosecutorial functions "intimately associated with the judicial phase of the criminal process" when she recommended that Plaintiff be terminated from the drug court program because of a positive drug test. *See Imbler*, 424 U.S. at 430.

In South Carolina, regional prosecutors are called Solicitors and Assistant Solicitors. *See* S.C. Const., art. V, § 24; S.C. Code Ann, § 1-7-310. Solicitors are elected by voters of a judicial circuit and have absolute immunity for their prosecution-related activities in or connected with judicial proceedings, when acting as "an officer of the court" as opposed to when engaging in investigative or administrative tasks. *See Van de Kamp*, 555 U.S. at 342. Such protected activities include, but are not limited to, prosecutorial actions and decisions related to the Solicitor's

---

[2] As noted above, the court takes judicial notice of Plaintiff's prior proceedings in state court. In addition, Plaintiff's complaint in the instant case indicates that he is an inmate in the Broad River Correctional Institution. *See* ECF No. 1, p. 2.

[3] *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (absolute immunity "is an immunity from suit rather than a mere defense to liability").

5



participation in a criminal trial, bond hearings, grand jury proceedings, pre-trial motions hearings, and ancillary civil proceedings. *See Van de Kamp v. Goldstein*, 555 U.S. 335 (2009) (absolute immunity applies when a prosecutor is involved in supervision or training of prosecutors or management of a trial-related information system); *Kalina v. Fletcher,* 522 U.S. 118 (1997) (absolute immunity applies when a prosecutor appears in court to present evidence in support of a search warrant application, but not when a prosecutor acts as a complaining witness in support of a warrant application)*; Buckley v. Fitzsimmons*, 509 U.S. 259 (1993) (absolute immunity does not apply when a prosecutor fabricates evidence during the preliminary investigation of an unsolved crime or makes false statements to the press); *Burns v. Reed*, 500 U.S. 478 (1991) (absolute immunity applies when a prosecutor prepares to initiate a judicial proceeding, but not when a prosecutor gives advice to police during a criminal investigation); *Imbler v. Pachtman*, 424 U.S. 416 (1976) (absolute immunity applies to a state prosecutor, acting within the scope of his duties in initiating and pursuing a criminal prosecution and in presenting the state's case, despite allegations that he knowingly used perjured testimony, deliberately withheld exculpatory information, and failed to make full disclosure of all facts casting doubt upon the state's testimony); *Dababnah v. Keller-Burnside,* 208 F.3d 467 (4th Cir. 2000) (absolute immunity applies when a prosecutor seeks a defendant's extradition and requests a court order to secure the defendant's property); *Carter v. Burch,* 34 F.3d 257 (4th Cir. 1994) (absolute immunity applies when a prosecutor is alleged to have withheld exculpatory evidence and conspired to present false testimony during trial); *Hart v. Jefferson County*, Civil No. 94-655-FR, 1995 U.S. Dist. LEXIS 147437 (D. Ore. June 15, 1995) (allegations by plaintiff of malicious motives on the part of a prosecutor are insufficient to overcome absolute prosecutorial immunity for all of the acts done in his official capacity).



Of particular importance in this case is the fact that it is well settled in this Circuit that prosecutors and persons working under a prosecutor's direction are absolutely immune from liability for damages based on their decisions about "whether and when to prosecute," *Lyles v. Sparks*, 79 F. 3d 372, 377 (4th Cir. 1996), and whether or not to go forward with a prosecution. *See Springmen v. Williams*, 122 F. 3d 211, 212-13 (4th Cir. 1997). Here, the Defendant's decision to recommend Plaintiff's termination from the drug court program is equivalent to a decision to go forward with a prosecution. *Bernard v. County of Suffolk*, 356 F.3d 495, 502 (2d Cir. 2004) (Absolute immunity extends to "persons working under [a prosecutor's] direction, when they function as advocates for the state" and are clearly associated with the judicial process). It is clear that the allegations against the Defendant are based on her performance of prosecutorial activities as an advocate and officer of the court in Plaintiff's criminal case in drug court. Thus, it is also clear that absolute prosecutorial immunity applies and bars Plaintiff from bringing a claim for monetary damages against her.

Finally, to the extent Plaintiff requests that his "sentence be lifted because of their lack of presenting evidence," such relief is typically sought through a direct appeal of the conviction and/or sentence in a defendant's criminal case, through a post-trial motion in the defendant's criminal case, through an application for post-conviction relief in state court, or through a petition for writ of habeas corpus in federal court. Plaintiff cannot seek relief that would challenge the validity of his state drug court conviction and sentence in the instant case. *See Heck v. Humphrey*, 512 U.S. 477, 481 (1994) (citing *Preiser v. Rodriguez*, 411 U.S. 475 (1973)) (habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of

7



§ 1983). Pursuant to *Heck*, a prisoner who files suit in federal court may not seek monetary damages in a habeas action, and a state prisoner may challenge the legality of his or her conviction or sentence and the validity of his or her current confinement, only through a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 or 28 U.S.C. § 2241.

## RECOMMENDATION

Accordingly, it is recommended that the court dismiss the complaint in this case, without prejudice and without issuance and service of process. Plaintiff's attention is directed to the important notice on the next page.

March 21, 2012  
Charleston, South Carolina

Bristow Marchant  
United States Magistrate Judge



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636 (b) (1); Fed. R. Civ. P. 72 (b); *see* Fed. R. Civ. P. 6 (a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636 (b) (1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

